# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No: |
| ) | |
| v. ) | |
| ) | |
| UNITED SCRAP METAL, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Hawk Technology Systems, LLC ("Hawk"), hereby sues United Scrap Metal, Inc. ("United Scrap") and alleges:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement of United States Patent No. RE43,462 ('462 Patent). The '462 Patent is a reissue of United States Patent No. 5,625,410 (the '410 Patent). The independent claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.

2. The abstract for the '462 Patent states:

> A PC-based system for monitoring and storing representative images from video cameras which may be utilized for security or other monitoring applications. Camera inputs from digital or analog sources are individually and independently digitized and displayed at a first set of image sizes, sampling rates, and frame rates, and may be stored in digital form on various recording media at a second set of image sizes, sampling rates, and frame rates, and these two sets of sizes and rates may or may not be identical. Provisions are included for adding detection or alarm systems which will automatically alter image size, sampling rate and/or frame rate of an individual input source, or activate other physical responses. In addition to security system monitoring, further applications of the invention are disclosed for process monitoring in manufacturing environments and also for applications in videoconferencing.

## PARTIES

3. Hawk is a limited liability company organized and existing under the laws of the State of Florida and maintains its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

4. United Scrap is a corporation organized and existing under the laws of the state of Illinois with its principal business address located at 1545 South Cicero Avenue, Cicero, Illinois 60804.

5. United Scrap's registered agent is Mitchell J. Melamed located at 330 North Wabash Avenue, Suite 1700, Chicago, Illinois 60611.

## JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §§ 1331 and 1338(a), this Court has original jurisdiction over the subject matter of this action because this is an action arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*

7. This court has personal jurisdiction over United Scrap because United Scrap (a) operates, conducts, engages in and/or or carries on a business in the State of Illinois; (b) committed tortious acts within the State of Illinois; and (c) is engaging in substantial and not isolated activity within the State of Illinois.

8. Pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue is proper in this district.

## GENERAL ALLEGATIONS

9. Hawk Technology Systems was formed in 2012 to commercialize the inventions of its founder, Barry Schwab.

10. Mr. Ken Washino and Mr. Schwab invented what is claimed by the '462 Patent.

11. Mr. Washino and Mr. Schwab have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

12. Mr. Schwab also is a named inventor on more than thirty patents, ranging from consumer products to secure network computing.

13. Hawk is the exclusive owner of all rights, title, and interest in the '462 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

14. Hawk became the owner of all rights, title, and interest in the '462 Patent by virtue of an assignment from Multi-Format, Inc., a New Jersey corporation ("MFI").

15. MFI obtained its rights, title, and interest in the '462 Patent by virtue of an assignment from Messrs. Washino and Schwab.

### Claim 1 Of The '462 Patent

16. Claim 1 of the '462 patent states:

A video storage and display system, comprising:

one or more video cameras, each outputting a signal representative of a video image;

means to receive the signals from each camera and digitally compress the images;

two forms of high-capacity storage media, one being randomly searchable while the other continues to store the digitally compressed image; and

> a computer configured to receive the digitally compressed images, the computer being interfaced to the following devices:
>
> a display screen,
>
> means to receive externally derived operator commands, and
>
> the high-capacity storage media, and

wherein the computer is programmed to perform the following functions:

3

    display the digitally compressed images from the cameras in different windows on the display screen, each window being associated with an update rate and dimensions in pixels,

    vary the spatial parameters and temporal parameters at which a particular image is updated in its window in accordance with one of the externally derived commands,

    store the digitally compressed images in the high-capacity storage media, and

    vary the spatial parameters and temporal parameters at which a particular image is stored in accordance with one of the externally derived commands.

('462 Patent, Col. 10, line 57 – Col. 11, line 20).

### Claim 12 Of The '462 Patent

17.     Claim 12 of the '462 patent states:

The method of simultaneously displaying and storing multiple video images, comprising the steps of:

receiving video images at a personal computer based system from one or more sources;

digitizing any of the images not already in digital form using an analog-to-digital converter;

displaying at least certain of the digitized images in separate windows on a personal computer based display device, using a first set of temporal and spatial parameters associated with each image in each window;

converting one or more of the video source images into a data storage format using a second set of temporal and spatial parameters associated with each image; and

simultaneously storing the converted images in a storage device.

('462 Patent, Col. 11, line 62 – Col. 12, line 10).

### Claim 15 Of The '462 Patent

18.     Claim 15 of the '462 patent states:

A video storage and display system, comprising:

one or more video cameras, each outputting a signal representative of a video image;

means to receive the signals from each camera and digitally compress the images; and

a computer configured to receive the digitally compressed images, the computer being interfaced to the following devices:

4

    a display screen,

    means to receive externally derived operator commands including means for sensing a deviation from the normal-state image scene associated with at least one of the video cameras, the existence of the deviation being used as the basis for generating an externally derived command, and

    a high-capacity storage medium, and

programmed to perform the following functions:

    display the digitally compressed images from the cameras in different windows on the display screen, each window being associated with an update rate and dimensions in pixels,

    vary spatial parameters and temporal parameters at which a particular image is updated in its window in accordance with one of the externally derived commands,

    store the digitally compressed images in the high-capacity storage medium, and

    vary the spatial parameters and temporal parameters at which a particular image is stored in accordance with one of the externally derived commands.

('462 Patent, Col. 12, line 15 – 45).

19.    Hawk learned that United Scrap uses a video storage and display system and methods that infringe the '462 Patent by reviewing publically available information such as the article attached hereto as Exhibit A.

20.    Hawk has prepared a claim chart which explains how each limitation reads onto the system claimed by Claims 1 and 15 and the method claimed by Claim 12 of the '462 Patent. At least each of these three claims was infringed by United Scrap.

21.    All conditions precedent to bringing this action have occurred or been waived.

22.    Hawk has retained counsel to represent it in this matter and is obligated to pay its counsel a reasonable fee for its services.

23.    Pursuant to 35 U.S.C. § 285, Hawk is entitled to recover its attorneys' fees.

## COUNT I: DIRECT INFRINGEMENT OF THE '462 PATENT

24. The allegations contained in paragraphs 1-23 above are hereby re-alleged as if fully set forth herein.

25. Without Hawk's authorization, United Scrap used a video storage and display system and/or methods that infringed one or more of the claims in the '462 Patent.

26. Hawk has been damaged by United Scrap's infringement.

**WHEREFORE**, Hawk respectfully requests the Court:

A. Enter a judgment finding that United Scrap Metal, Inc. has directly infringed the '462 Patent.

B. Pursuant to 35 U.S.C. § 284, order United Scrap Metal, Inc. to pay damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention, together with interest and costs;

C. Find this to be an exceptional case of patent infringement under 35 U.S.C. § 285 and award reasonable attorneys' fees, costs, and expenses incurred by Plaintiffs in prosecuting this action; and

D. Award such other and further relief as the Court deems just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

SCHULZ LAW, P.C.

By: /s/ Mary K. Schulz
Mary K. Schulz, Esq.
1144 E. State Street, Suite A260
Geneva, Il 60134
Tel: (224) 535-9510
Fax: (224) 535-9501
Email: schulzlaw@me.com
*Attorneys for Plaintiff*

6